UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br>ALLSTATE PROPERTY & CASUALTY<br>INSURANCE COMPANY,<br>ALLSTATE INDEMNITY COMPANY, AND<br>ALLSTATE FIRE & CASUALTY INSURANCE<br>COMPANY,<br><br>     Plaintiffs,<br><br>     vs.<br><br>NEW CENTURY PHARMACY INC.,<br>REFILL RX PHARMACY INC,<br>MY RX PHARMACY, INC.,<br>DIRECT RX PHARMACY INC,<br>EDUARD ARONOV,<br>KATRIN MATATOV,<br>ALEXANDER SHARAFYAN,<br>BORIS KANDOV,<br>RAFO YAGUDA f/k/a RAFAIL YAGUDAYEV,<br>FIRST CLASS MEDICAL, P.C.,<br>NY MEDICAL ARTS, P.C.,<br>RICHMOND MEDICAL CARE P.C.,<br>GONY MEDICAL SERVICES P.C.,<br>LIFE HEALTH CARE MEDICAL, P.C.,<br>MANI USHYAROV, D.O.,<br>AMR A. EL-SANDUBY, M.D.,<br>JEAN-PIERRE GEORGES BARAKAT, M.D.,<br>TOMAS M. PATTUGALAN, JR., M.D., AND<br>RAFAEL ANTONIO DELACRUZ-GOMEZ, M.D.,<br><br>     Defendants. | C.A. No. 1:19-cv-05702-ENV-VMS |

## [PROPOSED] INITIAL SCHEDULING ORDER

Upon consent of the appearing parties and their counsel,[1] it is hereby **ORDERED** as follows:

---

[1] Counsel for Plaintiffs Allstate Insurance Company and its affiliates (collectively, "Allstate" or "plaintiffs") and Defendants Refill Rx Pharmacy Inc ("Refill Rx"),, Direct Rx Pharmacy Inc ("Direct Rx"), Alexander Sharafyan ("Sharafyan"), Rafo Yaguda f/k/a Rafail Yagudayev ("Yaguda"), First Class Medical, P.C. ("First Class Medical"), Richmond Medical Care P.C. ("Richmond Medical"), Mani Ushyarov, D.O. ("Ushyarov"), and Jean-Pierre Georges

1

1) Defendants GONY Medical, Pattugalan, NY Medical Arts, and El-Sanduby filed an Answer to the Complaint on November 29, 2019 (Dkt. 45-46). Defendants New Century, Aronov, and Matatov filed an Answer to the Complaint on December 3, 2019 (Dkt. 47). Defendants Barakat, Richmond Medical, Direct Rx, Yaguda, Refill Rx, Sharafyan, First Class Medical, and Ushyarov filed an Answer to the Complaint on December 11, 2019 (Dkt. 49-52). Allstate and Defendants Kandov and My Rx Pharmacy have reached an agreement to resolve this matter, and Allstate anticipates filing a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) as to Kandov and My Rx Pharmacy upon execution of the parties' settlement agreement. Default was entered against Defendants Rafael Antonio Delacruz-Gomez, M.D. and Life Health Care Medical, P.C. on December 19, 2019 (Dkt. 55-56).

2) Initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure must be completed by **January 27, 2020**. The disclosures should include as detailed a calculation of damages as possible and authorizations for release of medical and other relevant records.

3) Initial document requests and interrogatories will be served no later than **February 10, 2020**. The parties will serve no more than 25 interrogatories to each party without leave of court. Any party seeking to serve more than 25 interrogatories to another party shall seek leave to do so in accordance with Fed. R. Civ. P. 33(a)(1).

4) Any joinder and/or amendment of the pleadings must be made by **July 7, 2020**. By this date, the parties must either stipulate to the joinder and/or amendments of the pleadings or

---

Barakat, M.D. ("Barakat") held a conference pursuant to Fed. R. Civ. P. 26(f) on January 2, 2020. Counsel for Allstate and Defendants New Century Pharmacy Inc. ("New Century"), Eduard Aronov ("Aronov"), and Katrin Matatov ("Matatov") held a conference pursuant to Fed. R. Civ. P. 26(f) on December 30, 2019 and January 6, 2020. Defendants NY Medical Arts, P.C. ("NY Medical Arts"), GONY Medical Services P.C. ("GONY Medical"), Amr A. El-Sanduby, M.D. ("Sanduby"), and Tomas M. Pattugalan, Jr., M.D. ("Pattugalan") have not conferred with Allstate pursuant to Fed. R. Civ. P. 26(f), and did not participate in the submission of this proposed initial scheduling order.

commence motion practice for leave to join and/or amend in accordance with the Individual Rules of the District Judge assigned to this case.

5)   The parties have not yet determined the nature and scope of electronic discovery to be conducted in this matter. The parties intend to meet-and-confer about an electronic discovery plan following the service of initial document requests and interrogatories. If the parties expect to engage in electronic discovery, they will submit a proposed plan to the Court by **March 1, 2020**.

6)   Fact discovery closes **November 6, 2020**.

*Note: Treating physicians who may be called as fact witnesses should generally provide their reports or summaries and be deposed during fact discovery. Non-party fact discovery shall be completed by this date as well.*

7)   As to expert disclosures, [handwritten: *To be discussed at conference at a later date*]

   a) The names, qualifications and area(s) of expertise of initial experts shall be served on or before **December 4, 2020**.

   b) Initial expert witness reports shall be served on or before **January 15, 2021**.

   c) Rebuttal expert witness reports shall be served on or before **February 15, 2021**.

8)   All discovery, including any depositions of experts, shall be completed on or before **April 30, 2021**.

9)   On or before **May 5, 2021**, the parties must file on ECF a joint letter to the magistrate judge confirming that discovery is concluded.

10)  Any dispositive motion practice must be commenced by **June 4, 2021**.

*Note: Parties must consult the Individual Rules of the District Judge assigned to this case to determine, inter alia, if a pre-motion conference letter is required before a dispositive motion is filed, whether a Local Rule 56.1 statement must first be submitted with the pre-motion conference letter or motion, and whether such a motion should only be filed when fully briefed.*

11)  A proposed joint pre-trial order must be filed by **July 9, 2021**.

3

12) The parties do not consent to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c).

13) A discovery conference is set for 7/14/20 at 10:30 ~~in person/by~~ telephone. The conference call will be arranged and initiated by Plaintiffs to Chambers at (718) 613-2300.

14) A joint discovery status letter must be filed on ECF by 7/7/20 ~~in~~ preparation for the discovery conference.

15) A final pre-trial conference is set for TBD.

16) The parties may wish to engage in settlement discussions. To facilitate this process, Plaintiffs agree to make a demand on or before **May 1, 2020**, and Defendants agree to respond to the demand on or before **May 15, 2020**.

17) Counsel do not request a referral to the Court's ADR program.

18) Any additional matters:

   - The parties will submit to the Court a proposed Stipulated Confidentiality and Protective Order governing the use of confidential information. By 1/17/2020

   - The parties will submit a proposed plan about the disclosure and discovery of electronically stored information. If necessary by 3/1/2020

**This scheduling order may be altered or amended only upon a showing of good cause based on circumstances not foreseeable as of the date thereof.**

Dated: Brooklyn, New York
         1/9, 2020

/s/
_____
VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE

※ The Ds are entertaining motions to sever on the basis that the separate grouping of Ds should not be in the same case together as they are not inter-related.

Consented to by Counsel:

| | |
|---|---|
| */s/ Michael W. Whitcher*<br><br>Richard D. King, Jr. (RK8381)<br>rking@smithbrink.com<br>Nathan A. Tilden (NT0571)<br>ntilden@smithbrink.com<br>Michael W. Whitcher (MW7455)<br>mwhitcher@smithbrink.com<br>Smith & Brink, P.C.<br>1325 Franklin Ave, Suite 320<br>Garden City, NY 11530<br>(347) 710-0050<br><br>Attorneys for the Plaintiffs,<br>*Allstate Insurance Company,*<br>*Allstate Property & Casualty Insurance Company,*<br>*Allstate Indemnity Company, and*<br>*Allstate Fire & Casualty Insurance Company*<br><br>Dated: January 6, 2020 | */s/ Lance Lazzaro*<br><br>Lance Lazzaro<br>360 Court St.<br>Suite 3<br>Brooklyn, NY 11231<br>(718) 488-1900<br>lazzarolaw1@gmail.com<br><br><br><br><br><br>Attorney for Defendants,<br>*New Century Pharmacy, Inc., Eduard Aronov, and Katrin Matatov*<br><br><br><br><br><br>Dated: January 6, 2020 |
| */s/ Nicholas Paul Bowers*<br><br>Nicholas Paul Bowers<br>Gary Tsirelman, P.C.<br>129 Livingston Street<br>Brooklyn, NY 11201<br>(718) 438-1200<br>nbowers@gtmdjd.com<br><br>Attorney for Defendants,<br>*Refill Rx Pharmacy, Inc, Alexander Sharafyan, Direct Rx Pharmacy, Inc., Rafo Yaguda f/k/a Rafail Yagudayev, Richmond Medical Care, P.C., Jean-Pierre Georges Barakat, M.D., First Class Medical, P.C., and Mani Ushyarov, D.O.*<br><br>Dated: January 6, 2020 | Charles H. Horn<br>The Russell Friedman Law Group, LLP<br>3000 Marcus Avenue, Suite 2E03<br>Lake Success, NY 11042<br>(516) 355-9696<br>chorn@rfriedmanlaw.com<br><br>Attorney for Defendants,<br>*NY Medical Arts, P.C., GONY Medical Services, P.C., Amr. A. El-Sanduby, M.D., and Tomas M. Pattugalan, Jr., M.D.*<br><br><br><br><br><br>Dated: |